ORTIZ v. WALKER. (No. 5313.)

(Court of Civil Appeals of Texas. San Antonio. June 3, 1914.)

1. APPEAL AND ERROR (§ 714*) — REVIEW — RECORD—CONSIDERATION.

An appeal from a judgment affirming a judgment in justice court will not be dismissed, though the record did not show that the district court, to which the action was appealed, had jurisdiction, where the defects are supplied by certified copies.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2958–2963; Dec. Dig. § 714.*]

2. APPEAL AND ERROR (§ 758*) — BRIEFS — SUFFICIENCY.

An assignment of error in the brief should correspond with the assignments in the motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

3. WORK AND LABOR (§ 28*) — ACTIONS — FINDINGS—SUFFICIENCY.

In an action for work and labor done upon defendant's well, evidence *held* to support a verdict for plaintiff and not to show that plaintiff guaranteed any flow of water, or that no payment was to be made unless the well was satisfactory to defendant.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 17, 55; Dec. Dig. § 28.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by B. F. Walker against S. P. Ortiz, begun in justice court and appealed to the circuit court. From a judgment for plaintiff, defendant appeals. Affirmed.

H. G. Dickinson, of Laredo, for appellant. T. C. Mann, of Laredo, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

CARL, J. [1] Appellee, B. F. Walker, sued appellant, S. P. Ortiz, and recovered judgment for the sum of $165.50; the claim having been made in the pleadings for $166. A motion has been filed to dismiss the appeal because the record does not show that the district court has jurisdiction. But appellant has asked that the record and transcript be perfected by bringing into it the judgment rendered in the justice's court, where the cause was first tried, and the appeal bond to the district court, which has appellate jurisdiction from the justice's courts of Webb county. Certified copies of those proceedings are attached to the motion for certiorari. The district clerk certifies to the copies of the justice's court judgment and the appeal bond, and further that these papers are on file among the papers in the cause as tried in the district court. We have concluded to consider these papers as supplying the deficiency in the record, and, when that is done, the jurisdiction of the district court is made to appear. The motion to dismiss the appeal is overruled.

[2] The cause was tried before the court, and the only assignment of error complains that the court erred in rendering judgment for appellee. Appellant contends that the uncontradicted evidence shows that upon a verbal contract appellee undertook to "fix and repair the well of Ortiz, and that he abandoned the well without fixing and repairing the well." The assignment in the brief does not comply with the rules of briefing in this court, because it is not the same as that set forth in the motion for a new trial; but, since there is only one, we have considered the same.

[3] The theory of appellant seems to be that the term "fix and repair" the well means that appellee was to fix and repair the same in a manner satisfactory to appellant, or to fix the well so that it would afford sufficient water for his stock.

Appellee testified that appellant had spoken to him a time or two about going out and fixing his well. About 10 or 15 days later, he saw appellee in Laredo and asked him if he could go out and fix his well. Walker said:

"Mr. Ortiz, you know my terms; you pay me $10 a day from the time I leave here (Laredo) until I get back, and you furnish me the conveyance."

He says Ortiz just remarked:

"If you do not go and fix the well, I will lose money."

That is about all that was said at the time, but appellee was moved out by appellant's teams and went to work. Ortiz was to furnish casing and such material as was needed in cleaning out and repairing the well. At the time Walker left the well, Ortiz was ill in a hospital at San Antonio. When Walker went down a considerable depth, he struck something he took to be a rock sticking out of the side of the hole. He had to pull the casing out, and put down four-inch casing so as to pass the obstruction. The other casing was five and three inches, and it would not go to the bottom. When he got down to the bottom of the well, he found something that he could not get out nor pass. He pulled up the big casing and coupled it onto the little one and put the casing down as far towards the bottom as it would go. He says he pumped the well for 30 minutes without exhausting the water, but if he had pumped it longer the water would have been exhausted. He says he had done all he could, so he put the pump back, coupled up the windmill, and left. Ortiz paid, along at first, $54.50. Walker says he began work March 28, 1912, and worked in all 22 days, and he says positively he was to get $10 per day. Ortiz claims that he was to pay him $10 per day for two days, and for each foot he dug the well he was to pay $1 per foot. The evidence is conflicting as to the water furnished by the well, as well as to the manner of payment; but the trial court has concluded that matter. The evidence is sufficient to sustain the verdict. There is nothing in the evidence, as disclosed by either party, that shows a contract of guaranty, and that nothing was to be paid unless the well was fixed in a manner satisfactory to appellant.

The judgment is affirmed.